**AFFIRMED as MODIFIED and Opinion Filed March 15, 2019**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

_____

### No. 05-18-00209-CR
_____

**FIDELMAR HERNANDEZ-JIMENEZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F-1755166-I**

## MEMORANDUM OPINION

Before Justices Whitehill, Molberg, and Reichek
Opinion by Justice Reichek

A jury convicted Fidelmar Hernandez-Jimenez of sexually assaulting fourteen-year-old

M.C. and assessed punishment at eleven years in prison and a $10,000 fine. On appeal, appellant

complains (1) the evidence is legally insufficient to support his conviction and (2) the judgment

should be modified to accurately state the statute and offense. In a cross-point, the State asserts

the judgment should be modified to reflect that sex offender-registration requirements apply to

appellant. We overrule appellant's sufficiency complaint but sustain all issues regarding the

judgment. We modify the judgment as requested and affirm the judgment as modified.

FACTUAL BACKGROUND

In May 2017, M.C. lived at her grandmother's house with several relatives, including

appellant. M.C. shared a bedroom with her mother and older sister, J.C., but during the school

week, J.C. stayed with an aunt. M.C.'s mother left for work each morning by about 6 a.m., leaving M.C. alone in the bedroom until she left for school.

One morning after M.C.'s mother left for work, appellant came into M.C.'s room and got into bed with her. The bed's movement awakened her. M.C. was lying on her side, and appellant lay behind her with his front "kind of" touching her back; he did not say anything. M.C. said appellant first grabbed her "boob." Then he moved his hand over her vagina outside her clothing before putting his fingers inside her vagina. M.C. said she was "half asleep, half awake." She said she did not know what to do and did not say anything. She did not know how long the assault lasted. M.C. was upset and "felt disgust" but did not tell anyone that day. Two weeks later, she told her sister because she "couldn't kept it in no more."

On cross-examination, defense counsel questioned M.C. as to whether she was awake, asleep, or dreaming during the assault. M.C. said when appellant put his hand on her vagina, she was half asleep. She answered, "Yes," to counsel's question as to whether she was "probably still dreaming at that point." Defense counsel asked M.C. at what point she was "fully awake," explaining that he was trying to determine "when it was you were sleeping[,] when you were half way sleeping and when it was that you were awake." M.C. said she did not know. Counsel then asked if she could have been asleep and "dreaming the whole time this incident happened," and M.C. responded, "Yes." On re-direct, however, the prosecutor asked M.C. if she dreamed the incident or "did these things really happen." M.C. responded, "Yes, it happened."

Dallas police investigated the incident and took M.C. to the Dallas Children's Advocacy Center, where she was interviewed by Kim Skidmore. Skidmore talked to M.C. for about one hour. During that time, M.C. was "[v]ery hesitant" and "cried more than one time" as she recounted what happened. Skidmore said M.C. would tell her a "little bit" and then "pull back," but she told her what happened and provided sensory details.

Leslie Boute, a therapist at DCAC, testified as an expert. Boute, who had not met or treated M.C., testified generally about child sexual abuse, discussed grooming techniques used by abusers, defined outcry and delayed outcry, and explained the dynamics when an adult family member is the abuser. She also testified that it is "[v]ery difficult" for children to report the abuse because they believe they are at fault and feel shame. She said it is not unusual for children not to want to talk about what happened or to have difficulty when they do talk about it.

SUFFICIENCY OF THE EVIDENCE

In his first issue, appellant contends the evidence is insufficient to support his conviction. In reviewing the sufficiency of the evidence, we examine the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic to ultimate facts. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). The jury is the sole judge of the weight and credibility to be given to the testimony. *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014). Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the jury. *See Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012).

A person commits sexual assault of a child if he intentionally or knowingly "causes the penetration of the anus or sexual organ of a child by any means[.]" *See* TEX. PENAL CODE ANN. § 22.011(a)(2)(A). For purposes of this offense, the statute defines "child" as "a person younger than 17 years of age." *Id.* § 22.011(c)(1). The indictment here alleged that appellant penetrated M.C.'s sexual organ with his finger. A child complainant's testimony alone is sufficient to support appellant's conviction for sexual assault of a child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07.

Appellant argues the evidence is insufficient to support his conviction because M.C. testified she was "half-asleep" and "dreaming" when she was assaulted, suggesting the assault did not actually occur. But M.C. also testified that she did not dream the incident and that "it happened." She testified that appellant got in bed with her, touched her breast, then moved his hand on her vagina over her clothes before inserting his fingers in her vagina. M.C. was a reluctant witness and had difficulty relating the incident, but Boute's testimony helped to explain her reluctance. And while M.C.'s testimony alone was sufficient to support appellant's conviction, the jury heard from other witnesses who provided some corroboration of M.C., including Skidmore, the forensic interviewer who testified that M.C. was very hesitant to discuss the abuse but did tell her what happened and provided sensory details. Viewing the evidence in the light most favorable to the jury's verdict, we conclude a rational jury could have determined beyond a reasonable doubt that appellant sexually abused M.C. by inserting his fingers inside her vagina. We overrule the first issue.

MODIFICATION OF THE JUDGMENT

In his second and third issues, appellant complains the judgment erroneously states the offense for which he was convicted as "SEXUAL ANAL-VAGINAL CHILD" and the statute as "22.011(a)(2) Penal Code."

The indictment shows the State charged appellant with sexual assault of a child by penetrating the sexual organ of M.C. with his finger, which is an offense under section 22.011(a)(2)(A) of the penal code. *See* TEX. PENAL CODE ANN. § 22.011(a)(2)(A). The trial court charged the jury on this offense, and the jury convicted appellant of this offense.

This Court has the authority to correct the judgment of the court below to make the record "speak the truth" when we have the necessary data and information to do so. *Asberry v. State,* 813

–4–

S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).  Accordingly, we sustain appellant's second and third issue.

In a cross-point, the State requests the judgment be modified to show that the sex-offender registration requirements apply to appellant and that M.C.'s age at the time of the offense was fourteen.

Appellant was convicted of sexual assault of a child under section 22.011(a)(2)(A) of the penal code.  An offense under section 22.011 is a "reportable conviction" under chapter 62 of the Texas Code of Criminal Procedure, which governs the sex offender registration program.  *See* TEX. CODE CRIM. PROC. ANN. art. 62.001(5)(A).  A person with a reportable conviction is required to register as a sex offender.  *See* TEX. CODE CRIM. PROC. ANN. art. 62.051(a); *see also Crabtree v. State*, 389 S.W.3d 820, 825 (Tex. Crim. App. 2012).  When a person is convicted of an offense for which registration for a sex offense is required under chapter 62, the judgment must include (1) a statement that the registration requirements of that chapter apply to the defendant and (2) a statement of the age of the victim.  TEX. CODE CRIM. PROC. ANN. art. 42.01§ 1(27).

The judgment shows the sex offender registration requirements do not apply to appellant, and lists "N/A" where asked the complainant's age at the time of the offense.  Because appellant is subject to the sex offender registration requirements, the judgment is incorrect.  We therefore sustain the State's cross-point.

We modify the trial court judgment to show (1) the offense for which appellant was convicted as sexual assault of a child, (2) the statute under which he was convicted as 22.011(a)(2)(A) of the penal code, (3) the sex offender registration requirements apply to appellant, and (4) the complainant's age at the time of the offense as fourteen.

We affirm the trial court's judgment as modified.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
180209F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

FIDELMAR HERNANDEZ-JIMENEZ,
Appellant

No. 05-18-00209-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 2, Dallas County, Texas
Trial Court Cause No. F-1755166-I.
Opinion delivered by Justice Reichek;
Justices Whitehill and Molberg
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

To reflect (1) the offense for which appellant Fidelmar Hernandez-Jimenez was convicted as sexual assault of a child; (2) the statute under which appellant was convicted as section 22.011(a)(2)(A) of the Texas Penal Code; (3) the sex offender registration requirements of chapter 62 of the Texas Code of Criminal Procedure apply to appellant, and (4) the complainant's age at the time of the offense was fourteen.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered March 15, 2019